UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3051-BO

JAMES R. GRAHAM,
    Plaintiff,

v.    ORDER

TERESA LEARY, et al.,
    Defendants.

FILED
OCT 0 8 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

James R. Graham, an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. The matter is properly before the court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). A claim having no arguable basis in law or in fact may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989).[1] Plaintiff has also filed a motion for appointment of counsel (D.E. # 3) a motion for preliminary injunction (D.E. # 6), an affidavit (D.E. #7), a memorandum of law (D.E. # 8), a motion for entry of default (D.E. # 9), a declaration for entry of default (D.E. # 11), a declaration (D.E. # 12), and a letter (D.E. # 13). Additional correspondence to the court has been received not docketed, however it is included as correspondence in the court's file.[2]

---

[1] Prior to conducting this frivolity review, plaintiff also filed two Motions to Amend (D.E. # 4 and # 10). A party may amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading required, 21 days after service of the a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Otherwise a party may amend the pleading only by leave and leave shall be given when justice so requires. Fed. R. Civ. P. 15(a). Service has not been made and no responsive pleading has been filed. The court shall allow the April 13, 2010, Motion to Amend (D.E. # 4) and the May 21, 2010 Motion to Amend (D.E. # 10). Therefore, the court conducts the frivolity review as to the original complaint and both Motions to Amend.

[2] On August 3, 2010, plaintiff filed a second 42 U.S.C. § 1983 within this court. Graham v. Keller, et al., 5:10-CT-3144-FL.

The complaint and amendments thereto all focus on one event. Plaintiff contends on or about January 15, 2010, he was assigned to "Cell 16, Maximum Control Unit at Bertie Correctional Institution." He states the food he was served was inadequate. Plaintiff seeks injunctive relief that his food be placed on a styrofoam tray with servings in accordance of the dietary guidelines. He seeks monetary nominal damages in the amount of $2,000.00 and punitive and compensatory damages.

Plaintiff has not shown any involvement by prison employees in his claim that his food was unsatisfactory. "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (internal quotation marks omitted). The first prong requires the court to determine whether the deprivation was objectively sufficiently serious, while the second prong requires the court to determine whether the officials acted with a subjectively sufficiently culpable state of mind. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298(1991)). "[D]eliberate indifference entails something more than mere allegation, ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official know of and disregard [an] objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995) (citing Farmer, 511 U.S. at 837). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

2

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 at 837.

The claims are not illustrative of any deliberate indifference or cruel and unusual punishment on the part of defendants. Plaintiff further alleges that he refused to eat for an extended period of time. From his own behavior he lost weight. There is no showing of any action of any defendant was done in an intentional manner to harm or punish plaintiff.

Accordingly, while motions to amend (D.E. # 4 and # 10) are ALLOWED, the case is DISMISSED as FRIVOLOUS. Furthermore, the motion for Entry of Default is DENIED (D.E. # 9) because defendants have not been served with the complaint and thus they have not "failed to plead or otherwise defend" as required by Federal Rules of Civil Procedure, Rule 55. Having so determined all other pending motions are DENIED as MOOT (D.E. # 3 and # 6) SO ORDERED, this the 8 day of October 2010.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE